UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DONALD MICHAEL WOJNA,

              Petitioner,           Case No. 1:08-cv-184

v.                                             Honorable Gordon J. Quist

BLAINE C. LAFLER et al.,

              Respondent.
_____/

### REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, I recommend that the petition be dismissed because it plainly appears that Petitioner is not entitled to relief.

**Discussion**

I.       Factual allegations

Petitioner Donald Michael Wojna presently is incarcerated with the Michigan Department of Corrections and housed at the Boyer Road Correctional Facility. He currently is serving a term of one year and six months to two years and six months and a term of one year and six months to four years, imposed by the Macomb County Circuit Court on December 27, 2006, after Petitioner pleaded guilty to one count of attempted carrying a weapon with unlawful intent, MICH. COMP. LAWS § 750.226, and assault with a dangerous weapon, MICH. COMP. LAWS § 750.82, respectively.

Petitioner became eligible for release on parole on July 29, 2007. The parole guidelines were calculated giving Petitioner a final guideline score of 11, which results in a high probability of parole. (Pet., Ex. A-2.) The parole board, however, denied parole on June 1, 2007. The board found as substantial and compelling reasons for guideline departure that Petitioner "fails to show insight into his very violent crime. Denies wanting to assault victims. Only wanted to scare them. P has a long standing problem with substance abuse and needs both AOP and substance abuse programming." (Pet., Ex. B-1.) The board cited numerous reasons in support of its action, including the following:

> Crime & Criminal Behavior
>     **The assaultive crime:**
>     Involved a family member or acquaintance
>     Had multiple victims
>     Involved a dangerous weapon(s)
>     Involved the touching with or discharge of a weapon
>     Arose during the commission of another crime
>
>     **The property crime:**

>Involved the presence of a weapon(s)
>Involved carrying concealed weapon
>
>**Regarding the crime, it is our belief:**
>Prisoner expresses little/no remorse
>
>**The prisoner has a criminal history:**
>Includes drug/alcohol related crimes

(Pet., Ex. B-1.)

Petitioner attaches to his application a series of documents ostensibly demonstrating the factual inaccuracy of the parole denial. Specifically, he attaches a copy of a therapy termination report issued December 3, 2007, assessing very favorably Petitioner's participation in group therapy from May 1, 2007 through November 29, 2007. (Pet, Ex. C-1.) He also attaches a copy of a positive prison program evaluation for his participation in the voluntary Alcoholics Anonymous program between May 6, 2007 and January 23, 2008. Further, Petitioner includes Substance Abuse Client Discharge forms showing completion of a one-month substance abuse education program held between March 21, 2007 and April 25, 2007, and a two-month outpatient substance abuse treatment program between April 10, 2007 and June 7, 2007. (Pet., Ex. C-2.) In addition, Petitioner attaches the names of five other prisoners who were released on their minimum sentence date who had either received no therapy or had denied the seriousness of their offenses during therapy.

    II.    <u>Analysis</u>

        A.    Procedural Due Process

In his application for habeas relief, Petitioner contends that he was denied his right to procedural due process by the Michigan Parole Board's denial of parole. He argues that he was scored as having a high probability of parole under the parole guidelines, and the parole board denied parole without providing substantial and compelling reasons. Petitioner contends that the

parole denial deprived him of his liberty interest without due process because it was both arbitrary and capricious and in violation of the mandatory language of MICH. COMP. LAWS § 791.233e(6).

Plaintiff fails to raise a claim of constitutional magnitude. Plaintiff has no liberty interest in being released on parole. There exists no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.*; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Martin v. Ohio Adult Parole Auth.*, 83 F. App'x 114, 155 (6th Cir. 2003); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999). Also, in unpublished decisions, the Sixth Circuit has held that

particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). Moreover, the Sixth Circuit has held that the language of MICH. COMP. LAWS § 791.233e(6), which requires substantial and compelling reasons to depart from the guidelines, does not create a liberty interest. *See Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Accordingly, Plaintiff has no liberty interest at stake.

To the extent Petitioner attempts to argue that the parole board relied on false information that conflicts with his mental health treatment reports, his claim also must fail. Because Petitioner has no liberty interest in being paroled, he cannot show that any false information was relied upon to a constitutionally-significant degree. *See Caldwell v. McNutt*, No. 04-2335, 2006 WL 45275, at *1 (6th Cir. Jan. 10, 2006) ("[E]ven if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution."); *Echlin v. Boland*, No. 03-2309, 2004 WL 2203550, at *2 (6th Cir. Sept. 17, 2004) (prisoner could not bring a § 1983 action to challenge the information considered by the parole board because he has no liberty interest in parole); *see also Pukyrys v. Olson*, No. 95-1778, 1996

WL 636140, at *1 (6th Cir. Oct. 30, 1996) (no constitutional violation by having false information placed in a prison file); *Carson v. Little*, No. 88-1505, 1989 WL 40171, at *1 (6th Cir. Apr. 18, 1989) (inaccurate information in an inmate's file does not amount to a constitutional violation).

In sum, because Plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights.  *See Sweeton*, 27 F.3d at 1164-65.

B. Equal Protection

Petitioner does not explicitly argue that, in making its parole decision, the parole board violated his right to equal protection.  However, Petitioner's attachment of the names of five other prisoners who were granted parole suggests that he intends to raise such a claim.  Because the Court must review a *pro se* pleading indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court will address the equal protection claim.

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws."  U.S. CONST., amend XIV; *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985).  The Equal Protection Clause does not forbid all classifications, but simply prevents governmental decision makers from treating differently persons who are similarly situated in all relevant respects. *Cleburne*, 473 U.S. at 439; *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920); *Richland Bookmart, Inc. v. Nichols*, 278 F.3d 570, 574 (6th Cir. 2002) (the Clause "protects against arbitrary classifications, and requires that similarly situated persons be treated equally.").

"Strict scrutiny of an alleged equal protection violation is only employed if the classification at issue discriminates on the basis of a suspect criterion or impinges upon a fundamental right."  *Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000).  Prisoners are not a

suspect class and, therefore, any laws or classifications affecting them are reviewed under the rationale basis test. *Carnes*, 76 F. App'x at 80 (citing *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997); *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999). Thus, in order to establish an equal protection violation, Petitioner must show that the Michigan parole decisions involve similarly situated persons and are not rationally related to any conceivable legitimate governmental purpose. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Hadix*, 230 F.3d at 843.

"'The purpose of parole is to keep a prisoner in legal custody while permitting him to live beyond the prison enclosure so that he may have an opportunity to show that he can refrain from committing crime.'" *People v. Gregorczyk*, 443 N.W.2d 816, 821 (Mich. Ct. App. 1989) (citation omitted). Protection of public safety is a stated purpose of Michigan's parole statutes. *Hopkins v. Mich. Parole Bd.*, 604 N.W.2d 686, 689 (Mich. Ct. App. 1999) ("First and foremost, [the Parole Board] may not grant a prisoner liberty on parole until it 'has reasonable assurance, after consideration of all of the facts and circumstances, including the prisoner's mental and social attitude, that the prisoner will not become a menace to society or to the public safety'") (quoting MICH. COMP. LAWS § 791.233(1)(a)). Preventing the early release of potentially violent inmates is a legitimate governmental interest. *See Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998) (affirming rejection of equal protection challenge raised by § 2241 petitioner; Bureau of Prisons rule which provided that inmates having prior convictions for homicide, forcible rape, robbery, or aggravated assault were not eligible for early release was "rationally related to the legitimate governmental interest of preventing the early release of potentially violent inmates").

Moreover, Petitioner's claims that he was treated differently than the other named prisoners are merely conclusory. He does not and cannot demonstrate that the other prisoners who

- 7 -

were granted parole were similarly situated or that they were intentionally treated differently for reasons unrelated to the legitimate governmental purpose of protecting the public. Indeed, the few facts he alleges suggest that the prisoners in issue were incarcerated on different offenses, received different sentences and had different prison histories. Regardless of whether Petitioner believes, based on his own assessment, that certain released prisoners were more dangerous or less ready for parole than he, Petitioner alleges no fact that would support a conclusion that they were similarly situated or were intentionally treated differently.

In addition, the Court's determination in this case must be made in light of the constant admonition by the Supreme Court that the problems of prison administration are peculiarly for resolution by prison authorities and their resolution should be accorded deference by the courts. *See Washington v. Harper*, 494 U.S. 210, 224 (1990); *Turner v. Safley*, 482 U.S. 78, 84-96 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979); *Jones v. N.C. Prisoners' Labor Union*, 433 U.S. 119, 125-126 (1977). Petitioner has identified no basis to question that deference.

For all these reasons, Petitioner fails to state a cognizable equal protection violation.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it plainly appears that Petitioner is not entitled to relief. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  April 7, 2008                                          /s/ Hugh W. Brenneman, Jr.
                                                               HUGH W. BRENNEMAN, JR.
                                                               United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).